UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

JAE L. BURNHAM,                                                Case No. DL 17-03285
                                                               Hon. Scott W. Dales
                    Debtor.                                    Chapter 7

————————————————————————/

TDC INTERNATIONAL CORP., fka G.E.
Thompson Development Corp.,                                   Adversary Pro. No. 17-80176

                    Plaintiff,

v.

JAE L. BURNHAM,

                    Defendant.

————————————————————————/

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

This adversary proceeding involves a request to except a debt from discharge. Because this

proceeding concerns the dischargeability of a debtor's debt to a creditor, the court has core

jurisdiction and authority to enter final judgment (given the reference of the case and all related

proceedings to this court from the United States District Court).  *See* 28 U.S.C. § 157(a), (b)(2)(I)

& 1334(b).

Plaintiff TDC International Corp. (the "Plaintiff") filed Plaintiff's Motion for Summary

Judgment Pursuant to Fed. R. Civ. P. 56(c) and Fed. R. Bankr. P. 7056 (ECF No. 22, the "Motion").

The Motion drew no response from debtor-defendant Jae L. Burnham (the "Defendant").  The

court has reviewed the Motion, brief in support of the Motion, and exhibits, and finds that the Motion establishes a right to relief in favor of the Plaintiff.

There is no genuine issue as to the following material facts: (1) the Plaintiff has a claim against the Defendant in the amount of at least $9,178.00 (the "Claim") related to an earlier lawsuit in the United States District Court for the Eastern District of Michigan; (2) the Defendant scheduled the Claim in his first bankruptcy case, Case No. 11-00001 (Bankr. W.D. Mich.) (the "First Bankruptcy Case"); (3) the Plaintiff's Claim in the current bankruptcy case is the same claim that the Defendant scheduled in the First Bankruptcy Case; and (4) on or about October 7, 2011, the court entered an order denying the Defendant a discharge in the First Bankruptcy Case pursuant to 11 U.S.C. § 727(a)(6)(A). The court notes that the Plaintiff is not seeking judgment in this adversary proceeding with respect to any debt that arose after October 7, 2011, and that the Claim is already embodied in a prepetition court order (making it sufficient in this adversary proceeding to award only declaratory relief).[1]

These undisputed facts establish a right to summary judgment declaring that the Plaintiff's Claim against the Defendant in the amount of $9,178.00 excepted from the discharge entered in the current bankruptcy case pursuant to 11 U.S.C. § 523(a)(10), which, *inter alia*, excepts from discharge any debt "that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title . . . in which the debtor . . . was denied a discharge" under 11 U.S.C. § 727(a)(6). This statutory exception to discharge precisely applies to the Claim.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, and the Clerk shall enter judgment consistent with this Memorandum of Decision & Order.

---

[1] The court perceives no utility, and some risk, in duplicating money judgments and assumes that the Plaintiff will enforce its prepetition order in accordance with applicable non-bankruptcy law and process.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Nathan D. Petrusak, Esq., Jae L. Burnham, and Kimberly L. Savage, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 18, 2018**



_____
Scott W. Dales
United States Bankruptcy Judge